FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SEP 1 2 2005

JAMES R. LARSEN, CLERK
_____ DEPUTY
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN A. MOREHEAD,<br><br>    Defendant. | No. CR-04-2158-AAM<br><br>**MEMORANDUM OPINION** |

**THIS MATTER** came on for change of plea and sentencing on September 9, 2005. James P. Hagarty, Esq., Assistant U.S. Attorney, appeared for the plaintiff. Patrick A. True, Esq., appeared for the defendant.

Defendant entered a guilty plea pursuant to a plea agreement (Ct. Rec. 77) in which he agreed his advisory guideline range was 92-115 months based on a total adjusted offense level of 23 and a Criminal History Category of VI. Defendant was sentenced to a term of 92 months imprisonment. This memorandum opinion explains why the court concludes 92-115 months is the appropriate advisory guideline range.

As reflected in the plea agreement, defendant's base offense level is 24 based on USSG §2K2.1(a)(2): "the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." This base offense level is increased four levels to account for the number of weapons (3-7) and the fact they were stolen. USSG §2K2.1(b)(1) and (4). With a three level reduction for acceptance of responsibility pursuant to USSG §3E1.1, and further two level reduction for waiver of appeal rights, the adjusted offense level is 23.

**MEMORANDUM OPINION-**         1

Defendant's felony "crimes of violence" include Third Degree Assault in Yakima County Superior Court on October 6, 1992 (one count), and Third Degree Assault in Yakima County Superior Court on November 15, 1994 (four counts). On January 30, 2001, defendant was also convicted in Yakima County Superior Court of Delivery of a Controlled Substance, Marijuana.

"Crime of violence" is defined in USSG §4B1.2(a) as any offense under federal or state law, punishable by a term of imprisonment exceeding one year that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Under RCW 9A.36.031(d), a person is guilty of assault in the third degree if he, under circumstances not amounting to assault in the first, or second degree "with criminal negligence, causes bodily harm to another by means of a weapon or other instrument or thing likely to produce bodily harm." Defendant's October 1992 Third Degree Assault conviction was pursuant to a plea of guilty to an Amended Information charging a violation of RCW 9A.36.031(d). Likewise, defendant's November 1994 Third Degree Assault conviction was pursuant to a plea of guilty to Amended Informations charging violations of RCW 9A.36.031(d). (See Exs. 2 and 3 to the government's Sentencing Memorandum at Ct. Rec. 46).

The Armed Career Criminal Act (ACCA) generally prohibits a later court from delving into particular facts disclosed by the record of conviction, thus leaving the court normally to look only to the fact of conviction and the statutory definition of the prior offense. *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143 (1990).[1] This is called a "categorical approach." The purpose of the *Taylor* approach "is to determine if the record unequivocally establishes that the defendant was convicted of the generically defined crime, even if the statute defining the crime is overly inclusive."

---

[1] Pursuant to the plea agreement, the United States will not pursue the ACCA against this defendant. The categorical/modified categorical analysis, however, also applies to determination of what constitutes a "crime of violence" under the guidelines since the definition of "violent felony" in 18 U.S.C. §924(e)(2)(B) is nearly identical to the definition of "crime of violence" in USSG §4B1.2(a).

**MEMORANDUM OPINION-** 2

Case 2:04-cr-02158-EFS   Document 80   Filed 09/12/05

*Hernandez-Hernandez*, 387 F.3d 799, 806 (9th Cir. 2004), quoting *United States v. Hernandez-Valdovinos*, 352 F.3d 1243, 1247 (9th Cir. 2003). In other words, the purpose of *Taylor* is to prevent courts from engaging in collateral trials with regard to prior convictions and to ensure there is uniformity in the sentencing of federal defendants under the ACCA. "[T]he government has the burden to establish clearly and unequivocally the conviction was based on all the elements of a qualifying predicate offense." *United States v. Navidad-Marcos*, 367 F.3d 903, 908 (9th Cir. 2004).

An exception to this "categorical approach" exists where the court can look beyond the fact of conviction and the statutory definition of the prior offense to determine if the prior conviction is a predicate offense under the ACCA. This "modified categorical approach" allows the court to look at court records, but only court records. The court cannot look at police reports. *Shepard v. United States*, U.S. , 125 S.Ct. 1254 (2005). "[D]ocuments used to satisfy a modified-categorical analysis must meet a 'rigorous standard.'" *Navidad-Marcos*, 367 F.3d at 908. "'[M]ight simply cannot be enough.'" *Id.* The government must demonstrate that the record "unequivocally establishes that the defendant was convicted of" a predicate offense. *Id.*

Under the categorical approach, "the issue is not whether [the] actual conduct constituted an aggravated felony, but whether the full range of conduct encompassed by the [state statute] constitutes an aggravated felony . . ." *United States v. Sandoval*, 390 F.3d 1077, 1081 (9th Cir. 2004), quoting *United States v. Pallares-Galan*, 359 F.3d 1088, 1099 (9th Cir. 2004). In *Sandoval*, the Ninth Circuit held that under the categorical approach, Third Degree Assault in Washington does not qualify as a "crime of violence" as that term is defined in USSG §4B1.2. *Id.* This is because under Washington law, it is possible to commit Third Degree Assault through an unlawful touching that does not involve substantial physical force or seriously risk physical injury. *Id.* And in *Sandoval*, under the modified categorical approach, the information, plea agreement, and judgment in the record did not exclude the possibility that Sandoval's guilty plea to Third Degree Assault was for conduct that did not involve substantial physical force and did not seriously risk physical injury. *Id.* *Sandoval* did not, however, preclude the possibility that use of the "modified categorical approach" could result in a finding that a Third Degree Assault conviction is a "violent felony"/"crime of violence."

**MEMORANDUM OPINION-** 3

Employing the modified categorical approach in the instant case, the court records unequivocally establish defendant's guilty pleas to Third Degree Assault were for conduct involving substantial physical force and/or involving serious risk of physical injury. The Amended Information the defendant pled to in October 1992 recited that defendant "with criminal negligence did cause bodily harm to Randy Gable a human being, by means of a weapon or other instrument or thing likely to produce bodily harm." The defendant's "Statement On Plea Of Guilty" recited his understanding that the elements of the offense were "with criminal negligence causes bodily harm to another with an instrument likely to produce bodily harm." Defendant stated "I accept that I chased after people and kicked at their house door while swinging a knife." The Amended Informations the defendant pled to in November 1994 recited that defendant "with criminal negligence, did cause bodily harm to [Ray Guttierez, Kevin Teeter, Travis Trudell, and Tom Harmon], . . . human being[s], by means of weapon or other instrument or thing likely to produce bodily harm." . . . ." Defendant's "Statement On Plea Of Guilty" was "[o]n 9/22/94 in Yakima Co., I had a crossbow in my possession for sale. I was intoxicated and do not recall precisely what happened but believe I would be convicted at trial."[2] (Exs. 2 and 3 to government's Sentencing Memorandum at Ct. Rec. 46).

//
//
//
//
//

---

[2] Although defendant's assault convictions involved weapons, this court believes that using a modified categorical approach, it is possible that a Third Degree Assault in Washington can constitute a "crime of violence" even if it does not involve use of a weapon or instrument. For example, RCW 9A.36.031(f) also defines Third Degree Assault as "[w]ith criminal negligence, causes bodily harm accompanied by substantial pain that extends for a period sufficient to cause considerable suffering."

Nor is this court persuaded the "negligence" element precludes finding Third Degree Assault constitutes a "crime of violence" using the modified categorical approach. There is no Ninth Circuit authority to the contrary.

**MEMORANDUM OPINION-** 4

The court concludes defendant's Third Degree Assault convictions are "crimes of violence" and therefore, that he has at least two felony convictions of either a crime of violence or a controlled substance offense pursuant to USSG §2K2.1(a)(2).[3] Thus, the 92-115 month advisory guideline range is appropriate.

**DATED** this 12th of September, 2005.

ALAN A. McDONALD
Senior United States District Judge

---

[3] This is without consideration of defendant's 1979 conviction in Yakima County Superior Court for Third Degree Rape, and a December 1986 conviction in Yakima County Superior Court for Attempted Second Degree Burglary.

**MEMORANDUM OPINION-** 5