UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>       v.<br><br>JOHN ANGEL MOREHEAD,<br><br>            Defendant. | NO. CR-04-2158-EFS<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE** |

Before the Court, without oral argument, is Defendant John Angel Morehead's Motion for Modification or Reduction of Sentence. (Ct. Rec. 87.)  Defendant seeks to reduce his sentence because of amendments to the U.S. Sentencing Guidelines and *United States v. Booker*, 543 U.S. 220 (2005).  For the reasons given below, the Court denies Defendant's motion.

"The authority of district courts to correct or reduce a sentence is limited." *United States v. Mullanix*, 99 F.3d 323, 324 (9th Cir. 1996). Section 3582(c) of Title 18 provides, in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that-
>
>> (1)(b) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; . . . .

18 U.S.C. § 3582(c)(1)(B).

ORDER ~ 1

Rule 35 allows a judgment to be corrected within seven (7) days of sentencing for an arithmetical, technical, or other clear error. Fed. R. Crim. P. 35(a). Defendant was sentenced on September 9, 2005. Therefore, his January 5, 2009 motion is untimely for purposes of seeking Rule 35 relief.

Section 3582(c) also allows an imprisonment term to be modified if permitted by statute. Defendant did not identify a statute, but identifies U.S. Sentencing Guidelines amendments that alter the calculation of criminal history. Congress adopted Amendment 12 to the Guidelines on September 11, 2007. 72 FR 51882. Yet, Defendant failed to articulate how this amendment impacts the calculation of his criminal history score.

Defendant's criminal history is comprised of the following convictions, and resulting Guidelines points:

| Offense | Guidelines' Points |
|---|---|
| Third Degree Assault | 3 points (4A1.1(a)) |
| Third Degree Assault | 3 points (4A1.1(a)) |
| Driving Under the Influence | 2 points (4A1.1(b)) |
| Possession of Marijuana | 2 points (4A1.1(b)) |
| Driving Under the Influence | 2 points (4A1.1(b)) |
| Driving Under the Influence | 2 points (4A1.1(b)) |
| Delivery of a Controlled Substance | 2 points (4A1.1(b)) |
| Domestic Violence/Assault | 1 point (4A1.1(c)) |
| Protection Order Violation (30 days jail) | 1 point (4A1.1(c)) |

The sentencing court also assessed one (1) criminal history point for the March 9, 2003 protection order violation. The Court assumes Defendant

ORDER ~ 2

is arguing that this misdemeanor conviction should not have been counted because (1) it is an offense similar to contempt of court for which he received a sentence of less than thirty days or (2) it is related to the March 5, 2003 Domestic Violence/Assault conviction and thus both convictions should not have received criminal history points. As to the first argument, this is an argument Defendant could have made, but did not, under the Guidelines in effect on the sentencing date. As to the second argument, whether two (2) cases are related and therefore constitute a single sentence was addressed by Amendment 12.

Yet, the merit of these arguments is immaterial, because even if a criminal history point is not assessed for the March 9, 2003 protection order violation, Defendant clearly is a Criminal History Category VI because he receives eighteen (18) criminal history points for the above-listed convictions and two (2) additional criminal history points under section 4A1.1(d). Therefore, even without counting the March 9, 2003 protection order violation, Defendant's twenty (20) criminal history points clearly fall within Category VI.[1]

Accordingly, the Court concludes Defendant's criminal history category was correctly determined.[2] Lastly, when Defendant was initially sentenced, *Booker* had been decided and the sentencing court considered

---

[1] The low range for Criminal History Category VI is thirteen (13) criminal history points.

[2] Also, the Court notes that Defendant agreed in Plea Agreement ¶ 8(d) that his Criminal History Category was VI. (Ct. Rec. 77.)

ORDER ~ 3

all of the 18 U.S.C. § 3553(a) factors and recognized it was not bound by the Guidelines.

For these reasons, **IT IS HEREBY ORDERED:** Defendant's Motion for Modification or Reduction of Sentence **(Ct. Rec. 87)** is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy to Defendant and the Government.

**DATED** this ___6th___ day of February 2009.


                           S/ Edward F. Shea
                            EDWARD F. SHEA
                     United States District Judge

Q:\Criminal\2004\2158.3582.motion.wpd

ORDER ~ 4